IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE LUIS FERNANDO NIZ-NIZ,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER, in his or her official capacity, et al.,

Respondents.

8:26-CV-574

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Guatemala who entered the United States near Calaxio, California in August 2018. Filing 10 at 3. He was issued a notice to appear and eventually released on recognizance. Filing 10 at 3; filing 10-1. In August 2019, he was ordered removed to Guatemala and a warrant was issued. Filing 10 at 3; filing 10-2; filing 10-3. On August 27, 2026, the petitioner was arrested after a traffic stop, and released to ICE custody on August 30. Filing 10 at 4. He filed a motion to reopen his immigration case on September 8, but no action has been taken on that motion. Filing 10 at 4.[1]

---

[1] The petitioner has not traversed the government's evidence that his order of removal is administratively final. *See* filing 12 at 1-2. The Court has also checked the Executive Office for Immigration Review's Automated Case Information System (https://acis.eoir.justice.gov), and based on that check and the records presented to the Court, the petitioner's order of removal remains final at this time.

Because the petitioner is subject to a now-final order of removal, he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future. *See Codina v. Chertoff*, 283 F. App'x 432 (8th Cir. 2008) (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 8th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge